Citation Nr: 1533653 
Decision Date: 08/06/15 Archive Date: 08/20/15

DOCKET NO. 09-04 796 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Whether the appellant is eligible for Department of Veterans Affairs (VA) death pension benefits as a child of the Veteran, to include the issue of whether she is a proper claimant for such benefits. 


WITNESSES AT HEARING ON APPEAL

Appellant and friend


ATTORNEY FOR THE BOARD

Debbie A. Breitbeil, Counsel


INTRODUCTION

The Veteran served on active duty from January 1953 to January 1956, and he died in December 2004. The appellant is his daughter. This matter comes before the Board of Veterans' Appeals (Board) on appeal of a November 2007 administrative determination by the VA Regional Office (RO) in Chicago, Illinois. In September 2010, a Travel Board hearing was held before the undersigned; a transcript of that hearing is associated with the record. In March 2011, the Board remanded this case to the RO for additional development, specifically to address in the first instance the inextricably intertwined issue of whether the appellant is entitled to child/helpless child of the Veteran status. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As noted in the Board's March 2011 remand, the appellant's claim for death pension benefits as a child of the Veteran requires that the matter of whether she is entitled to child/helpless child of the Veteran status be adjudicated by the RO in the first instance. To that end, the RO was directed to provide notice to the appellant of the evidence that is necessary to establish such status, as well as VA's and her own respective responsibilities in the development of evidence to support such claim, and directed to thereafter adjudicate the matter and advise the appellant of the determination, with further notification of her right to appeal any unfavorable decision. 

A review of the evidence shows that the Board directives were not accomplished. Although the RO sent the appellant a letter in May 2011, notifying her of the information necessary to establish her as a proper claimant, the RO did not include in the letter what the respective responsibilities of VA and appellant were in obtaining evidence to develop the claim. Rather, it appears the letter merely requested certain information from the appellant. Moreover, in a February 2015 supplemental statement of the case (SSOC), the RO determined that death pension may not be established because the appellant did not submit any evidence to establish she was a helpless child prior to age 18, as requested in the May 2011 letter. If this is deemed to be an unfavorable decision with regard to the matter of whether she is entitled to child/helpless child of the Veteran status, it was not accompanied by a notice of her right to appeal the determination. In light of the foregoing, a remand is necessary to ensure compliance with the Board's directives. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

Since the Board's March 2011 remand the appellant has submitted statements and a VA benefits application, received in May 2013, in which she has signed a name that indicates she has married. In fact, on a pension application she stated that she was providing both her married last name and her maiden last name. In assisting the appellant to develop the claim to establish herself as a helpless child of the Veteran, the RO should seek specific information concerning whether she has in fact married. 

Accordingly, the case is REMANDED for the following:

1. Regarding the appellant's claim seeking recognition as a [helpless] child of the Veteran, the AOJ should provide the appellant notice of what is necessary to establish such status, and of VA's and her own respective responsibilities in the development of evidence to support such claim. To that end, the AOJ should request the appellant to furnish any information, including official documentation, as to whether she has married. She should be provided ample opportunity to respond. After arranging for any necessary development, the AOJ should adjudicate the matter. The appellant should be advised of the determination. If the AOJ denies [helpless] child status, it should further advise the appellant of her right to appeal such determination. This matter will not be addressed by the Board unless she files a timely notice of disagreement of the AOJ's decision, and after a SOC is issued by the AOJ, she files a timely substantive appeal to perfect her appeal to the Board.

2. The AOJ should then (after the helpless child matter is resolved either by an allowance or by non-appeal of a negative determination within the period of time afforded by law) readjudicate the matter of entitlement to death pension benefits as a child of a wartime Veteran in light of the decision on the [helpless] child of the Veteran issue. If the benefit sought remains denied, the AOJ should issue an appropriate SSOC, afford the appellant the opportunity to respond, and then return the case to the Board. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals
Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appellant's appeal. 38 C.F.R. § 20.1100(b) (2014).